**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN LEWIS,
# 131900598,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:20cv75-WS-CAS**

**FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, was previously directed to file an amended complaint if he believed there was a basis to proceed with this case. ECF No. 10. The Order explained the numerous deficiencies with the original complaint, and advised Plaintiff that if he were unable to correct them, he should file a notice of voluntary dismissal. *Id.*

Plaintiff has now filed a response to that Order, ECF No. 12, and an amended complaint, ECF No. 11. The amended complaint, ECF No. 11, has been reviewed to determine if it is sufficient for service.

Plaintiff's complaint is, once again, brought against a state agency, the Department of Children and Families, as the only Defendant. ECF No. 11 at 1. Plaintiff titles this action as a "complaint for court negligence" and/or "legal malpractice." *Id.* Plaintiff states that he brings this action as a state law claim against the Defendant for more than $75,000.00 in damages. *Id.* Thus, he clarifies that he is bringing this case pursuant to this Court's diversity jurisdiction.

First, "[a]bsent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986) (citing Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)). "Section 768.28 authorizes recovery of tort damages against Florida or any of its agencies or subdivisions for "negligent or wrongful acts of any [state] employee while acting within the scope of his office or employment." Gamble, 779 F.2d at 1513-14 (citing FLA. STAT. § 768.28(1)). In relevant part, that statute provides that an actions may be brought "against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the

state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment . . . ." FLA. STAT. § 768.28(1). Plaintiff's amended complaint does not allege facts showing personal injury, death, or the loss of property. Rather, his allegations concern the denial of services. Thus, his claims do not come within the State's limited waiver of sovereign immunity.

Second, a State or its agency may only be sued in federal court if it has "unequivocally expressed" its consent. Edelman, 415 U.S. at 673, 94 S. Ct. 1360-61 (cited in Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S. Ct. 900, 907, 79 L. Ed. 2d 67 (1984)). Here, the State of Florida has unequivocally expressed that it maintains its Eleventh Amendment immunity against suit in federal court, even when based on a state law tort claim. Florida law provides that "[n]o provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the

Constitution of the United States . . . ." FLA. STAT. § 768.28(18).  Thus, Plaintiff cannot bring his state law tort claim against the Florida Department of Children and Families in this Court because the State has not waived its immunity as protected under the Eleventh Amendment.  That principle has been well established for thirty years.  *See* Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990) (holding "that section 768.28 does not waive Florida's Eleventh Amendment immunity") (citing Hamm v. Powell, 874 F.2d 766, 770 n.3 (11th Cir. 1989); Gamble, 779 F.2d 1509).

Moreover, for a case to proceed under this Court's diversity jurisdiction, it must involve a matter in controversy which "exceeds the sum or value of $75,000," and is between citizens of different States.  28 U.S.C. § 1332(a).  Because Plaintiff and Defendant are of the same state, this case cannot proceed under the diversity jurisdiction statute.

**Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 11, be **DISMISSED** for lack of subject matter jurisdiction and because the claims against the Defendant are barred by Eleventh Amendment immunity.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note

Case No. 4:20cv75-WS-CAS

on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IN CHAMBERS** at Tallahassee, Florida, on April 3, 2020.

    S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**